IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

AARON WISE, et al.,

       Plaintiffs,

v.                                      **2:26-cv-00343-DHU-DLM**

CENTRAL TRUCKING, INC.,
SCOTT ALLEN MCCALL, and
LUCAS ECKSTEIN JONES,

       Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiffs Aaron Wise ("Wise") and Raven Forman (collectively "Plaintiffs"), who are New Mexico citizens, filed a Motion to Remand (Doc. 4) based on lack of diversity jurisdiction. The Court, having reviewed the motion, briefs, and applicable law, concludes that Defendant Lucas Eckstein Jones ("Jones"), also a New Mexico citizen, was fraudulently joined, that this Court has diversity jurisdiction, and thus, that Plaintiffs' Motion should be denied.

### I.      BACKGROUND

On March 18, 2025, Wise was the front-seat passenger in a vehicle driven by Jones, who was traveling northbound on U.S. Highway 54 near Milepost 86 in Otero County, New Mexico. Doc. 1–2 at ¶ 8. At the same time and location, Defendant Scott Allen McCall ("McCall")—a Missouri citizen who was acting within the course and scope of his employment with Defendant Central Trucking, Inc. ("Central Trucking"), a citizen of Missouri and Indiana—stopped and/or positioned a commercial tractor-trailer in a manner that intruded into the northbound lane of travel during a severe dust storm with rapidly deteriorating visibility. *Id.* at ¶ 9. Jones' vehicle ultimately collided with McCall's tractor-trailer, crushing the front passenger compartment and resulting in an above-the-knee amputation of Wise's leg. *Id.* at ¶¶ 15–16.

On January 21, 2026, Plaintiffs brought this personal injury action in the Second Judicial District Court, County of Bernalillo, State of New Mexico, alleging, *inter alia*, negligence against Jones. Doc. 1-2. Central Trucking and McCall removed this case to federal court, asserting that Plaintiffs have failed to state a viable cause of action against Jones, and thus, "Jones has solely been named to defeat diversity jurisdiction, constituting fraudulent joinder." Doc. 1 at 2. Plaintiffs then filed the instant Motion, asserting that they have a cognizable claim against Jones and therefore his joinder was proper and, consequently, this Court lacks jurisdiction because Jones is not diverse from Plaintiffs. Doc. 4 at 2.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction and there is a presumption against removal. *See Dutcher v. Matheson*, 733 F.3d 980, 984–85 (10th Cir. 2013). Removal statutes must be strictly construed with ambiguities resolved in favor of remand. *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). When jurisdiction is based on diversity, a party must show there is complete diversity of citizenship between adverse parties and the amount in controversy exceeds $75,000. *Dutcher*, 733 F.3d at 987. "Complete diversity is lacking when any of the plaintiffs has the same residency as even a single defendant." *Id.* A court may disregard the citizenship of a party who was fraudulently joined to defeat federal jurisdiction. *See id.* at 987-88.

To prove fraudulent joinder, the removing party must demonstrate either (1) actual fraud in the plaintiff's pleading of jurisdictional facts, or (2) the inability of the plaintiff to establish a cause of action against the non-diverse party. *Id.* at 988. The removing party bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the non-removing party. *Id.* The removing party must demonstrate that the claim cannot stand with complete certainty, upon undisputed evidence, such that it is subject to summary

2

determination. *Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879, 882 (10th Cir. 1967). This standard is more exacting than for a Rule 12(b)(6) dismissal. *Montano v. Allstate Indemnity*, 211 F.3d 1278, 2000 WL 525592, at \*2 (10th Cir. Apr. 14, 2000). A court, however, may pierce the pleadings and consider the entire record. *Dodd v. Fawcett Publications, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

### III.    DISCUSSION

In Count 5 of the Complaint, Plaintiffs assert a claim against Jones based on an ordinary negligence theory. A negligence claim under New Mexico law requires a plaintiff to establish (1) the existence of a duty from defendant to plaintiff; (2) a breach of that duty; (3) that the breach was both a proximate cause and cause in fact of plaintiff's harm; and (4) damages. *See Herrera v. Quality Pontiac*, 73 P.3d 181, 185–86 (N.M. 2003). This cause of action connotes a breach of the care that a reasonably prudent person would have demonstrated under the circumstances. *See Calkins v. Cox Estates*, 792 P.2d 36, 40 (N.M. 1990) ("New Mexico law recognizes that there exists a duty assigned to all individuals requiring them to act reasonably under the circumstances according to the standard of conduct imposed upon them by the circumstances.").

Of the four elements Plaintiffs must establish, it is not in dispute that they have adequately pleaded the fourth (actual harm to Plaintiffs). Moreover, Central Trucking and McCall do not dispute that Jones had at least a duty of reasonable care toward Plaintiffs. Doc. 7 at 4; *see Stinson v. Berry*, 943 P.3d 129, 133–34 (N.M. Ct. App. 1997) ("Everyone driving a vehicle on the highway owes to other drivers, passengers, and pedestrians a duty to exercise due care."). However, Central Trucking and McCall argue that the Complaint makes "no allegations of a breach of that duty, no allegations of actual or proximate causation as to Plaintiff's damages, and generally no colorable articulated claims against" Jones. Doc. 7 at 4. Plaintiffs respond that Central Trucking and McCall

3

have not proved with complete certainty upon undisputed evidence that Plaintiffs have no possible claim against Jones. Doc. 4 at 8. According to Plaintiffs, even if the allegations against Jones are thin, "thin allegations are not enough to prove fraudulent joinder." *Id.* at 5.

As relevant here, Count 5 of the Complaint alleges (1) "Jones was involved in the occurrence giving rise to this action, but Plaintiffs do not concede comparative fault and expressly reserve all rights to contest any allocation of fault"; and (2) "Any acts or omissions by Defendant Jones, if any, were secondary and nonsuperseding, and occurred in response to the hazardous condition created by" Central Trucking and McCall. Doc. 1-2 at ¶¶ 29–30. The Court finds the Complaint pleads no facts showing breach or causation on Jones' behalf. As Central Trucking and McCall argue, "[t]here are no allegations of failure to keep a proper lookout to traffic conditions in light of hazardous conditions present, failure to stop or yield to stopped traffic, [or] operating the vehicle in a dangerous manner in light of traffic conditions . . . . Rather, Plaintiff anchors all claims and damages theories against" Central Trucking and McCall. Doc. 7 at 4. Plaintiffs in turn have failed to state a claim for negligence against Jones due to the lack of non-conclusory factual allegations to indicate that Jones breached his duty of care toward Plaintiffs and that such a breach caused Plaintiffs' injuries.

The fraudulent joinder standard, however, is more robust than that for failure to state a claim. Central Trucking and McCall must show that there is not even a possibility of Plaintiffs stating a valid cause of action. *Couch v. Astec Industries, Inc.*, 71 F. Supp. 2d 1145, 1147 (D.N.M. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). Plaintiffs effectively admit such in their counsel's December 4, 2025 letter to defense counsel. The letter begins by stating that "McCall is 100% at fault for causing the collision and the subsequent damages my client has sustained and loss of limb he has suffered." Doc. 1-5 at 1. The letter also

4

states that as Jones was driving, "he suddenly and without warning noticed a semi-truck that was at a complete stop," and while "Jones had started to decelerate prior to noticing the semi-truck, he did not have enough time to react or otherwise avoid the collision." *Id.* at 2. In other words, the semi-truck's position left Jones with "no safe avenue of escape," rendering the collision "essentially inevitable." *Id.* at 2, 6. Therefore, by Plaintiffs' own account, Jones was not the perpetrator of the collision, but rather a helpless victim of it.

The December 4, 2025 letter establishes why Plaintiffs did not allege the breach or causation elements necessary to support a negligence claim—they have no good faith basis to do so. *See Mecom v. Fitzsimmons Drilling Co.*, 284 U.S. 183, 189 (1931) ("in a removal proceeding the motive of a plaintiff in joining defendants is immaterial, provided there is *in good faith* a cause of action against those joined") (emphasis added). "[T]here is no disputed question of fact that the Court may construe in Plaintiffs' favor; instead, there is an absence of fact altogether and only a hopeful fishing expedition for those facts." *Gurule v. Nissan Motor Co., Ltd.*, 2023 WL 5564111, at *4 (D.N.M. Aug. 29, 2023). In past cases granting motions to remand, this Court has had some allegation of fact on which to rely for the claim. *See, e.g., Montano*, 2000 WL 525592, at *2–3 (finding no fraudulent joinder where plaintiff alleged facts that insurance agent was directed to increase liability and uninsured motorist limits but failed to do so); *Couch*, 71 F. Supp. 2d at 1148 (concluding plaintiffs stated cause of action for negligent assembly and installation where complaint alleged facts that defendants unreasonably, inadequately, and insecurely mounted and fastened conveyor belt to cause injuries). In contrast, here, there is no fact in dispute on the breach or causation elements, and thus, Central Trucking and McCall have satisfied their burden to show that Plaintiffs' negligence claim against Jones cannot stand with complete certainty and that Jones was fraudulently joined to defeat federal diversity jurisdiction. *See Schmidt v. International*

*Playthings LLC*, 503 F. Supp. 3d 1060, 1115–23 (D.N.M. 2020) (finding plaintiffs did not allege possibly viable claim against store manager on theory of negligence because injury occurred at home and manager did not have duty to inspect for defects where plaintiffs did not allege manager had reason to know or knowledge of specific defect); *Hockett v. Blood Systems, Inc.*, 2010 WL 11623522, at *5–8 (D.N.M. Mar. 11, 2010) (denying motion to remand where court found fraudulent joinder because plaintiff did not sufficiently allege cause of action for intentional infliction of emotional distress against defendant, nor did facts come close to alleging such a claim).

Given the Court's conclusion that Jones was fraudulently joined in this action, the Court will dismiss Jones from this case without prejudice. *See Smoot*, 378 F.2d at 881–82 (district court may disregard a non-diverse party named in the state court complaint and retain jurisdiction if joinder of the non-diverse party is a sham or fraudulent).

### IV.    CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiffs' Motion to Remand (Doc. 4) is **DENIED**. Given this disposition, the Court cannot conclude that Central Trucking and McCall lacked an objectively reasonable basis for seeking removal. Plaintiffs are, therefore, not entitled to attorney fees under § 1447(c).

**IT IS FURTHER ORDERED** that Defendant Lucas Eckstein Jones is **DISMISSED** without prejudice from this case.

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE

6